[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
A. A. Washton, Esq. Defense Counsel, for Petitioner
 John Pannon, Esq. Assistant State's Attorney, For the State
BY THE DIVISION
Petitioner was charged with the crime of murder in violation of Conn. Gen. Stat. 53a-54 (a). After trial by jury, he was convicted of the crime of Manslaughter in the first degree in violation of Conn. Gen. Stat. 53a-55 and a sentence of twenty years was imposed.
The conviction in this matter was based upon evidence which indicated that on July 9, 1988 the petitioner initially became involved in a verbal altercation, while drinking with the victim. After threats were made by each party, both went back to their homes for weapons and returned to continue their previous altercation. However, this time the victim returned with a machete and the petitioner with a gun. The record shows that the victim swung the machete at the petitioner, and that the petitioner failed to retreat or withdraw when presented CT Page 1075 with numerous opportunities to do so. He then picked up a gun, shot into the ground once and then shot the victim five times. The victim died as a result of the entrance wounds to his chest and abdomen.
At sentencing petitioner's counsel claimed that his client testified he feared he would be hurt at the time of shooting and he was not the aggressor. He also said that his client had a triple by-pass heart operation and may be in need of another operation. Petitioner, at the sentence review hearing, claimed that he feared that the victim was going to go back to his home to hurt his son and that is why he acted as he did.
In reviewing the record, this division notes that the State's Attorney asked for a sentence of eighteen years to be suspended after fifteen years. The sentencing judge gave the maximum penalty of twenty years. While the sentencing judge was correct in stressing that the petitioner could have avoided this crime by being less hostile, considering all of the circumstances of this case a reduction of two years in the sentence to be served would be appropriate.
Accordingly, petitioner's sentence is reduced to eighteen years to be served, and it is ordered that such reduced sentence be imposed.
Norko, J. Barry, J. Purtill, J.